MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

TIMOTHY J. LUCEY (CABN 172332)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Facsimile: (408) 408-5066
    Timothy.Lucey@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION.<br><br>    Plaintiff,<br>v.<br><br>SMALL BUSINESS CAPITAL CORP.;<br>MARK FEATHERS; INVESTORS PRIME FUND,<br>LLC; and, SBC PORTFOLIO FUND, LLC,<br><br>    Defendants, | Case No. 5:12-CV-3237 EJD |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>MARK FEATHERS,<br><br>    Defendant. | Case No. CR 14 – 0531 RMW<br><br>UNITED STATES' STATEMENT RE:<br>NOTICE OF RELATED CASE |

    The United States of America, pursuant to Criminal Local Rule 8-1, hereby submits this Notice of Related Case in connection with the two above-captioned cases.

**A.**    **Legal Framework**

    Criminal Local Rule 8-1(b) provides that any criminal action is related to another pending civil or

NOTICE OF RELATED CASE
5:12-CV-3237 EJD; CR 14 – 0531 RMW

criminal action when:

    (1)    Both actions concern one or more of the same defendants and the same alleged events, occurrences, transactions or property; or

    (2)    Both actions appear likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different Judges.

Criminal Local Rule 8-1(c) provides that a "Notice of Related Case in a Criminal Action" shall contain:

    (1)    The title and case number of each related case;

    (2)    A description of each related case;

    (3)    A brief statement of the relationship of each action according to the criteria set forth in Crim. L.R. 8 1(b);

    (4)    A statement by the party with respect to whether assignment to a single Judge is or is not likely to conserve judicial resources and promote an efficient determination of the action.

The United States of America, pursuant to Criminal Local Rule 8-1, hereby notifies the Court that the two above-captioned cases are related.

**B.    Cases at Issue**

    1.    *SEC v. Small Business Capital Corp., Mark Feathers, et al.*, **Case No. 5:12-CV-3237 EJD**

The Securities and Exchange Commission ("SEC") filed a civil complaint on June 21, 2012, in the Northern District of California against Small Business Capital Corp.; Mark Feathers; Investors Prime Fund, LLC; and, SBC Portfolio Fund, LLC. *See* Complaint, Civil Docket 1, attached hereto as Exhibit A. The complaint alleged, among other things, a scheme by Mark Feathers and the other defendants to obtain money from investors through fraudulent sales of securities of funds managed and controlled by Feathers between approximately 2009 and 2012. *See* Complaint, pgs. 1-27. The SEC sought four claims for relief:

- First Claim for Relief**: Fraud in the Offer or Sale of Securities**, Violations of Section 17 (a)(1), 17(a)(2), and 17 (a)(3) of the Securities Act of 1993, as against all defendants;

- Second Claim for Relief: **Fraud in Connection with the Purchase or Sale of Securities**, Violations of Section 10(b) of the Securities Exchange Act of 1934 and Rules 10(b)-5(a), 10b-5(b) and 10b-5(c), as against all defendants;

- Third Claim for Relief: **Unregistered Broker-Dealer**, Violations of Section 15(a) of the Securities Exchange Act of 1934, as against Small Business Capital Corp.; and,

- Fourth Claim for Relief: **Controlling Person Liability**, Under Section 20(a) of the Securities Exchange Act of 1934, as against Feathers and Small Business Capital Corp.

*See* Complaint, pp.27-31. The Complaint went on to seek various equitable remedies, including disgorgement of ill-gotten gains, civil money penalties as well as injunctive relief against the defendants' further conduct in violation of the Securities Act of 1933, Securities Exchange Act of 1934, and regulations related thereto.

Ultimately, on August 16, 2013, the Court granted summary judgment against Feathers and the other defendants on all four of the SEC's claims for relief. *See* Docket No. 591. On November 6, 2013, the Court entered a permanent injunction and various civil and monetary penalties against Feathers and the other defendants. *See* Docket No. 622. Thereafter, even as Feathers appealed the judgment and related orders to the Ninth Circuit (*see* Docket No. 625), the Court continued in due course with the distribution of the remaining, available assets of the defendants. *See* Docket No. 715. Indeed, notwithstanding the imposition of final judgment against each defendant and the pending appellate process, the case remains active in the District Court. As recently as November 10, 2014, the Court entered an order denying Feathers' motion for various types of relief. *See* Docket No. 974.

### 2. *United States v. Mark Feathers*, CR 14 - 0531 RMW

On October 29, 2014, the grand jury for the Northern District of California returned an Indictment against defendant Mark Feathers. *See* Indictment, Criminal Docket 1, attached hereto as Exhibit B. The Indictment alleges, among other things, a scheme by Mark Feathers to obtain money from investors through fraudulent sales of securities of funds managed and controlled by Feathers between approximately 2009 and 2012. *See* Indictment, pp. 1-6. The Indictment alleges twenty-nine (29) counts against Feathers, as follows:

- Counts1-17: **Securities Fraud**, in violation of 15 U.S.C. §§ 78j(b),78ff; 17 C.F.R. § 240.105-5;

- Count 18-29: **Mail Fraud**, in violation of 18 U.S.C. § 1341.

*Id.* at pp. 6-8. The Indictment also includes a claim for asset forfeiture in connection with Counts 1 through 29. *Id.* at 9.

NOTICE OF RELATED CASE
5:12-CV-3237 EJD; CR 14 – 0531 RMW

### C. The Relation of both Actions before Judge Davila Will Conserve Resources

The current pending criminal action and the previously filed SEC civil action appear to qualify as related cases under Rule 8-1(b).

Pursuant to Rule 8-1(b)(1), both actions concern one or more of the same defendants and the same alleged events, occurrences, transactions or property.  The SEC's civil action and United States' criminal action both name Mark Feathers as a defendant.  Both actions involve allegations as to many of the same documents and appear to involve many of the same witnesses and victims.  Both cases allege conduct involving Feathers' fraudulent sale of securities in funds he controlled directly and/or through other entities under his direction and/or control, in alleged violation of federal securities laws and regulations.

Among other things, both actions allege that Feathers made false or misleading representations to actual and potential investors.  Both involve allegations that Feathers fraudulently diverted at least a portion of investor monies to his personal expenses.  Both cases involve allegations that Feathers misrepresented the nature of loan transactions within the investors' funds and mischaracterizing these transfers as receivables.  Both involve allegations that Feathers paid returns to investors in excess of net profits in a version of a "Ponzi" scheme.  Both cases allege Feathers owed a fiduciary duty to the investors but failed to disclose conflicts of interest arising from his alleged improper transfers of investors' monies and accounting for the funds' receivables.  Both involve allegations that Feathers, in account statements, newsletters, and other communications, failed to disclose this information to his investors.

Moreover, pursuant to Rule 8-1(b)(2), both actions appear likely to entail substantial duplication of labor, if heard by different Judges, and might well create conflicts and unnecessary expenses if conducted before different Judges.  In particular, it would appear that the District Court would conserve precious judicial resources by relating the criminal action to the civil action.  Based on the orders contained in the civil docket, Judge Davila would appear to be intimately familiar with Feathers, the entities associated with him, and the underlying facts of the SEC action.  Judge Davila has already conducted extensive motion practice on the merits of the SEC's action as well as a remedies hearing relating to the transactions at issue in both cases.  Judge Davila is also continuing to hear matters

relating to the enforcement of the previously entered judgment and other orders.

While the United States is not currently aware of any conflicts that would necessarily arise from having Judge Whyte retain the criminal action, there is at least a potential for conflicting or inapposite rulings, if the two matters are heard by two different judges.  Such conflicts could arise as to issues of, among other things, discovery, privilege, and/or evidence that Judge Davila has already ruled during the course of the motion practice, summary judgment proceedings, and proceedings relating to the distribution of assets to effect that judgment.  Indeed, given the ongoing, post-judgment litigation now pending in the SEC action before Judge Davila, it would appear that the defendant himself might well save significant resources, if Judge Davila were to hear and supervise the conduct of both cases simultaneously.

Therefore, pursuant to Rule 8-1(c)(4), the United States submits that, given the close relationship between the defendants and the underlying events and transactions in these two cases, and the resulting potential for substantial duplication of judicial resources, the potential for conflicts, and the potential for unnecessary expenses, the assignment of both cases to a single Judge is likely to conserve judicial resources and promote an efficient determination of both cases.  The United States recommends that the two actions be related before Judge Davila.

DATED:  November 20, 2014                           Respectfully Submitted,

                                                       MELINDA HAAG
United States Attorney


         ____/s/_____
         TIMOTHY J. LUCEY
         Assistant United States Attorney