UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK FEATHERS,<br><br>Defendant. | Case No. 14-CR-00531-LHK-1<br><br>**ORDER DENYING MOTION FOR RELEASE OF FUNDS OR STAY OF PROCEEDINGS**<br><br>Re: Dkt. No. 95 |

On August 22, 2016, Defendant filed a Motion to Release Funds that were seized as part of a Securities & Exchange Commission enforcement action before United States District Judge Edward Davila against Defendant Mark Feathers ("Defendant") for the same fraudulent activities at issue in the instant case. ECF No. 66. On November 7, 2016, this case was reassigned from United States District Judge Ronald M. Whyte to the undersigned judge. ECF No. 85. On December 19, 2016, the Court issued an order denying Defendant's Motion to Release Funds. ECF No. 92 ("Prior Order").

On February 9, 2017, Defendant filed a Motion for Release of Funds or Stay of Proceedings, which Defendant termed as a motion for reconsideration of the December 19, 2016 order. ECF No. 95 ("Mot."). On February 16, 2017, the Government filed a response, ECF No.

97 ("Resp."), and on February 21, 2017, Defendant filed a reply, ECF No. 98 ("Reply"). The Court first addresses Defendant's motion for release of funds and then addresses Defendant's motion for stay.

**I.      Motion for Release of Funds**

In this Court's December 19, 2016 order, the Court held that it lacked jurisdiction to consider the issue of the ownership of the funds seized in the civil proceeding before Judge Davila due to the final judgment in that case and the pendency of an appeal on that issue. Prior Order at 16.

Defendant seeks reconsideration of this Court's December 19, 2016 order. Mot. at 3 n.5 ("Mr. Feathers requests reconsideration . . . pursuant to the provisions of the Local Rule of the Northern District of California."). The Criminal Local Rules indicate that "[t]he provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules." Crim. L.R. 2-1. Under Civil Local Rule 7-9(a), "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Thus, before Defendant may seek reconsideration of this Court's interlocutory December 19, 2016 order, the Court must grant leave for Defendant to file a motion for reconsideration. The Court first addresses whether Defendant has satisfied the requirement for granting leave to file a motion for reconsideration. The Court then discusses whether, if leave were granted, Defendant has satisfied the standard for a motion for reconsideration.

**A.      Leave to File a Motion for Reconsideration**

As noted above, to seek reconsideration of an interlocutory order, Defendant must obtain leave under Civil Local Rule 7-9 on one of the grounds described in Civil Local Rule 7-9(b). Civil Local Rule 7-9(b) only allows for reconsideration of an interlocutory order where:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the

2
Case No. 14-CR-00531-LHK-1
ORDER DENYING MOTION FOR RELEASE OF FUNDS OR STAY OF PROCEEDINGS

exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

Defendant does not argue that he satisfies any of the requirements of Rule 7-9(b). Instead, Defendant solely argues that a "manifest injustice" would result from the Court's failure to consider the motion for reconsideration based on *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012). Reply at 2.

*Jeffries* is inapposite because it involves the standard for relief from the "law of the case" doctrine. "The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Jeffries*, 114 F.3d at 1489. Defendant is not seeking to be excused from a prior appellate decision. Instead Defendant seeks reconsideration of this Court's prior order denying the relief Plaintiff requested. Therefore, Defendant must satisfy the requirements of Rule 7-9(b) for the Court to grant Defendant leave to file a motion for reconsideration.

Defendant fails to satisfy Rule 7-9(b)'s requirements. "Manifest injustice" is not one of the bases for granting leave to file a motion for reconsideration under Civil Local Rule 7-9(b). With respect to the actual Rule 7-9(b) factors, Defendant makes no showing of a "material difference in fact or law," the "emergence of new material facts or a change of law," or a "manifest failure by the Court to consider material facts or dispositive legal arguments." Instead, Defendant primarily relies on *United States v. Unimex*, 991 F.2d 546, 550 (9th Cir. 1993), and *United States v. Spiegel*, 995 F.2d 138 (9th Cir. 1993), to argue that relief is warranted. The Court considered both decisions in its December 19, 2016 order. Prior Order at 10, 15. Therefore, Defendant fails to satisfy the standard under Civil Local Rule 7-9.

**B.  Motion for Reconsideration**

3

Case No. 14-CR-00531-LHK-1
ORDER DENYING MOTION FOR RELEASE OF FUNDS OR STAY OF PROCEEDINGS

Even if the Court were to grant Defendant leave to file a motion for reconsideration, the Court would deny the motion for reconsideration. "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Mendez*, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008) (citing *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007)). In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *See id.* (applying the standard governing Rule 60(b)); *Hector*, 368 F. Supp. 2d at 1063 (analyzing a reconsideration motion as a Rule 59(e) motion).

Federal Rule of Civil Procedure 59(e) allows motions to alter or amend a judgment if filed within 28 days of entry of that judgment. Fed. R. Civ. P. 59(e). Here, Defendant filed the instant motion on February 9, 2017, more than 28 days after the December 19, 2016 order Defendant is challenging in the instant case. Moreover, no "judgment" has been entered that may be altered or amended. Therefore, the Court considers the motion for reconsideration under Rule 60(b) rather than Rule 59(e).

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (quoting *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. U*nited States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010) (en banc). "It has been used sparingly as an equitable remedy to prevent

manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted).

Here, Defendant makes no showing that any of the first five categories of relief under Rule 60(b) apply. Defendant does not argue mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void judgment, or a satisfied judgment. Therefore, Defendant can only obtain relief under Rule 60(b)(6). Defendant argues that relief should be granted because a "manifest injustice" would otherwise occur. Reply at 2. To address this argument, the Court first discusses its December 19, 2016 order and then discusses whether a "manifest injustice" exists.

In its December 19, 2016 order, this Court held that it could not consider Defendant's arguments under the Sixth Amendment because it lacked jurisdiction to consider the issues that "form[ed] the basis of Defendant's Sixth Amendment claim." Prior Order at 13. A criminal defendant has no Sixth Amendment interest in funds that he does not own. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). In *Caplin*, the United States Supreme Court makes clear that the right to counsel of choice "does not go beyond 'the individual's right to spend his own money to obtain the advice and assistance of . . . counsel.'" *Id.* at 626. "A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice." *Id.*

Defendant asserted in his motion that he had Sixth Amendment rights in the assets seized in the civil proceedings before Judge Davila because Defendant owned the assets, or in the alternative, because Defendant had a right of indemnification from those assets. However, this Court noted that in the civil proceedings before Judge Davila, Judge Davila had made rulings on "(1) who owns the assets [requested by Defendant], and (2) whether Defendant has a valid right of indemnification [from those assets]." Prior Order at 12–13. Moreover, Judge Davila had entered final judgment in the civil proceedings, and Defendant had filed multiple notices of appeal

challenging Judge Davila's rulings. *Id.*

As a result, this Court held that the pendency of the appeals, which involved issues that formed the basis of the Sixth Amendment claim, divested this Court of jurisdiction. *See United States v. Vroman*, 997 F.2d 627, 627 (9th Cir. 1993) (per curiam) (holding that the "filing of notice of appeal divests the district court of its control over the aspects of the case involved in the appeal"). In the alternative, this Court held that, under *Spiegel*, 995 F.2d 138, the final judgment against Defendant in the civil proceeding divested the Court of jurisdiction because "the freezing of defendant's assets may interfere with his ability to pay a lawyer; but this does not empower the district court to interfere with . . . another court['s decisions], state or federal." *Id.* at 140.

As noted above, in seeking reconsideration, Defendant does not cite to any new cases or facts that were not previously before the Court, but seeks reconsideration based on the presence of "manifest injustice." Reply at 2. Specifically, Defendant argues that the Court's decision has (1) "deprived his ability to get a ruling on his assertion of his right to counsel of choice" and (2) "deprived the opportunity for judicial review." *Id.* As an initial matter, the Court finds that no manifest injustice occurred because, for the reasons described above, the Court's December 19, 2016 order was correctly decided.[1]

---

[1] Defendant makes two basic arguments in his motion for reconsideration. First, Defendant argues that *Unimex* provides an avenue for the Court to exercise jurisdiction. In *Unimex*, the government seized proceeds related to money laundering pursuant to a warrant. *Unimex*, 991 F.2d at 548. The government brought criminal charges for "conspiracy and other crimes relating to money laundering" as well as a charge for criminal forfeiture. *Id.* The government also "filed a parallel civil action against Unimex for forfeiture." *Id.* The civil and criminal cases were assigned to different district judges in the same district. *Id.* The defendant sought release of some of the funds, but neither the criminal nor the civil district judge made a ruling "on the merits regarding whether $100,000 or more of untainted money had been seized." *Id.* at 550. The Ninth Circuit held that such a ruling should have been made and that the criminal district judge did not "lack[] jurisdiction over the res because of the civil forfeiture action pending in the same district." *Id.* at 550–51.
  However, *Unimex* is distinguishable because no final judgment had been entered in the civil case and no appeal involving the ownership of funds was pending. *Id.* at 550. Indeed, the money at issue had been seized pursuant to a warrant in the criminal case and both the criminal case and the civil case were still pending. *Id.* Moreover, neither district court had made a ruling on the ownership of the funds in *Unimex*, whereas here, Judge Davila determined that Defendant does not own the funds at issue.
  Second, Defendant argues that the Court's decision amounts to the use of "offensive" collateral estoppel. Mot. at 16. However, the Court's ruling was based on the Court's lack of

Moreover, the two "manifest injustices" cited by Defendant are insufficient to satisfy Rule 60(b). First, even if Defendant has been deprived of a definitive ruling on the Sixth Amendment issue, the Court cannot alter its own lack of jurisdiction. This lack of "manifest injustice" is heightened because Defendant already *has* received a ruling that he has no ownership interest in the funds. Second, even though Defendant argues that he has been deprived of his right for judicial review, Defendant has notified the Court and parties that Defendant "may pursue one of several possible remedies in the Ninth Circuit," including "review in the Ninth Circuit [through] . . . a writ of mandamus." Mot. at 24. Thus, Defendant asserts a means of judicial review while protesting that none exists.

Defendant has failed to show that this case involves manifest injustice. Accordingly, the Court denies Defendant's Motion for Reconsideration.

## II.   Motion for Stay

Defendant has failed to cite, and the Court is unaware of, a case where a criminal proceeding has been stayed pending the outcome of a civil proceeding, let alone a civil appeal. Nonetheless, the Ninth Circuit has established factors to be considered when determining whether a *civil* case should be stayed pending the outcome of a *criminal* case. A court must make that determination "in light of the particular circumstances and competing interests involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989). Under that standard, a court must consider "the extent to which the defendant's fifth amendment rights are implicated," as well as (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

---

jurisdiction over the issues underlying the Sixth Amendment issue, not the application of collateral estoppel. *See Vroman*, 997 F.2d at 627 (holding that the "filing of notice of appeal divests the district court of its control over the aspects of the case involved in the appeal"); *Spiegel*, 995 F.2d at 140 ("[T]he freezing of defendant's assets may interfere with his ability to pay a lawyer; but this does not empower the district court to interfere with . . . another court['s decision], state or federal.").

7

(4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.*

In this context, where a stay is sought in the criminal proceeding pending the outcome of the appeal of the civil proceeding, there are no Fifth Amendment issues pertaining to the civil proceeding that apply. However, the Court considers the other factors identified by the Ninth Circuit to determine whether a stay is appropriate. First, with respect to the interest of the Government, the Government has a strong interest in "proceeding expeditiously with this litigation." As this Court has previously noted, "the delay associated with a stay may affect the availability of witnesses and documents or the quality of testimony." *Sec. & Exch. Comm'n v. Alexander*, 2010 WL 5388000, at *4 (N.D. Cal. Dec. 22, 2010) (citing *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980) ("If Justice moves too slowly . . . witnesses may die or move away, memories may fade . . . .")); *see also People v. Catlin*, 26 Cal. 4th 81, 107 (2001) ("[P]rejudice may be shown by loss of material witnesses due to lapse of time or loss of evidence because of fading memory attributable to the delay." (citation omitted)). Defendant has not provided any estimate of the time it may take for Defendant's appeal in the civil case to be resolved, but the Court notes that civil appeals can take multiple years. A delay, therefore, could negatively impact the Government's ability to present its case.

Second, with respect to the Defendant's interest, the Court notes that the only burden identified by Defendant is the Sixth Amendment issue already identified by Defendant. However, Defendant has no "right to spend another person's money for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice." *Caplin*, 491 U.S. at 626. Moreover, the burden on Defendant is lessened by the experience of Defendant's current counsel, Rita Bosworth. In this Court's December 19, 2016 order, the Court indicated that Ms. Bosworth was eminently qualified to represent Defendant in this matter.[2] Prior Order at 26 n.1.

---

[2] The Court stated the following:
  The Court additionally notes that Defendant's current counsel, Rita Bosworth, is

Third, the "convenience of the court in the management of its cases, and the efficient use of judicial resources" weighs against a stay. Defendant's proposed stay would cause potentially a multiple-year delay. Thus, the convenience of the court and the efficient use of judicial resources weigh against a stay.

Fourth, the interests of persons not party to the civil litigation, such as the victims of Defendant's alleged crimes, weigh against a stay. Victims of crimes such as fraud have a strong interest in criminal defendants being brought to justice in a timely manner. *See* 18 U.S.C. § 3771(a) (providing crime victims "the right to be informed in a timely manner of any . . . deferred prosecution agreement."). Additionally, the interests of Defendant's alleged victims are heightened in the instant case because this criminal case has been pending since October 29, 2014, almost two-and-a-half years.

Fifth, the public also has an interest in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A) (requiring a district court to "find that the ends of justice served by the granting of [a] continuance outweigh the best interests of the public . . . in a speedy trial."); *cf. United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) ("An underlying assumption of the Act was that in the long run public justice is eroded by untoward delay between the identification of wrongdoers and the commencement of court proceedings."). As with the interest of Defendant's alleged victims, the public's interest in a speedy trial is heightened because the instant case has been pending for almost two-and-a-half years.

Therefore, the Court finds that, when weighing the interests of the Government, Defendant, the alleged victims, the public, and the administration of justice, a stay is not justified in this case.[3] This result is further supported by the lack of any relevant authority that would

---

eminently qualified to represent him in this case. Ms. Bosworth graduated from Stanford Law School in 2004, clerked for United States District Judge Henry Kennedy in the District of Columbia, and has been an Assistant Federal Public Defender since 2005, where she has served as counsel in approximately 500 federal criminal cases. December 14, 2016 Hearing, ECF No. 90. Prior Order at 26 n.1.

[3] Defendant argues that the Court should apply the stay factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009), instead of those set forth in *Molinaro*, 889 F.2d at 902. The *Nken* court

9
Case No. 14-CR-00531-LHK-1
ORDER DENYING MOTION FOR RELEASE OF FUNDS OR STAY OF PROCEEDINGS

justify the Court staying this criminal case pending a civil appeal.

**IT IS SO ORDERED.**

Dated: March 1, 2017

_____
LUCY H. KOH
United States District Judge

---

identified four factors for courts to consider when determining whether to stay an immigration case: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Id. at 434.  The Court applied the *Molinaro* standard instead because it is tailored to determining whether one case should be stayed pending the outcome of a second case.

However, even if the Court were to apply the *Nken* factors, the Court would deny a stay. First, Defendant has made no showing of a likelihood of success on the appeals of Judge Davila's orders.  Although the "likely to succeed" factor has also been held to encompass situations where "serious legal questions are raised," *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011), Defendant has not identified any such "serious legal questions" in the pending appeal.  Second, as noted above, although Defendant has identified potential harm in not being able to hire his counsel of choice, he has no Sixth Amendment right to counsel of his choice with other people's money, and his current counsel is eminently qualified.  Third, as discussed above, a stay would likely cause a "loss of material witnesses due to lapse of time or loss of evidence because of fading memory," *Catlin*, 26 Cal. 4th at 107, and would harm the interests of Defendant's alleged victims. Finally, as discussed above, the public interest lies in a speedy trial.  Therefore, even if the Court were to apply the *Nken* factors, the Court would deny Defendant's motion for stay.

10
Case No. 14-CR-00531-LHK-1
ORDER DENYING MOTION FOR RELEASE OF FUNDS OR STAY OF PROCEEDINGS