BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

TIMOTHY J. LUCEY (CABN 172332)
MARISSA HARRIS (DCBN 997421)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    timothy.lucey@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CR 14 – 00531 LHK |
|     Plaintiff, | UNITED STATES' WITNESS LIST |
|   v. | |
| MARK FEATHERS, | |
|     Defendant. | |

      The United States respectfully submits this Witness List, including brief, non-exhaustive summaries of the expected testimony of each witness the United States may call in its case-in-chief.  The United States reserves the right to supplement and revise this Witness List as trial preparations continue.

1.  CHRISTINE WHITE:  She may testify that she is a Special Agent with the Federal Bureau of Investigation (FBI), and give details of the FBI investigation of the defendant related to this case. She may also testify about contacts with various victim-investors and associates of the defendant.

2.  CAMERON PURVES:  He may testify that he is a Special Agent with the Federal Bureau of Investigation (FBI), and give details of the FBI investigation of the defendant related to this case. He may also testify about contacts with various victim-investors and associates of the defendant.

3.  MATTHEW ACCARDO :  He may testify that he is a Special Agent with the Federal Bureau of Investigation (FBI), and give details of the FBI investigation of the defendant related to this case. He may also testify about contacts with various victim-investors and associates of the defendant.

4.  DANIEL WUNDERLI : He may testify that he is a Special Agent with the Federal Bureau of Investigation (FBI), and give details of the FBI investigation of the defendant related to this case. He may also testify about contacts with various victim-investors and associates of the defendant.

5.  KIRO MARDER:  He may testify that he is a Special Agent with the Federal Bureau of Investigation (FBI), and give details of the FBI investigation of the defendant related to this case. He may also testify about contacts with various victim-investors and associates of the defendant.

6.  KAITLIN EHNOT:  She may testify that she is a Special Agent with the Federal Bureau of Investigation (FBI), and give details of the FBI investigation of the defendant related to this case. She may also testify about contacts with various victim-investors and associates of the defendant.

7.  BRYAN GERBRACHT:  He may testify that he is a Special Agent with the Federal Bureau of Investigation (FBI), and give details of the FBI investigation of the defendant related to this case. He may also testify about contacts with various victim-investors and associates of the defendant.

8.  ANDREA SULLIVAN:  She may testify that she is a retired Special Agent with the Small Business Administration, Office of Inspector General and may testify about contacts with various victim-investors and associates of the defendant.

9.  BARBARA BUSHEE:  She may testify as to having been a victim of the defendant's investment fraud scheme. She may also testify as to her communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

10. JUDITH PETERSEN:  She may testify as to having been a victim of the defendant's investment fraud scheme. She may also testify as to her communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

11. SUBODH KHIMJI TOPRANI:  He may testify as to having been a victim of the defendant's investment fraud scheme. He may also testify as to his communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

12. SARWAN WASON:  He may testify as to having been a victim of the defendant's investment fraud scheme. He may also testify as to his communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

13. ROBERT MORRIS:  He may testify as to having been a victim of the defendant's investment fraud scheme. He may also testify as to his communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

14. PINGYU LIU:  He may testify as to having been a victim of the defendant's investment fraud scheme. He may also testify as to his communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

15. MANIGEH NADIMI:  He may testify as to having been a victim of the defendant's investment fraud scheme. He may also testify as to his communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

16. DON MARCHMAN:  He may testify as to having been a victim of the defendant's investment fraud scheme. He may also testify as to his communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

17. HELEN HUNSAKER:  She may testify as to having been a victim of the defendant's investment fraud scheme. She may also testify as to her communications and dealings with the defendant and/or other individuals acting on the defendant's behalf.

18. JOHN BERRY:  He may testify that he is an Associate Regional Director for the Securities and Exchange Commission ("SEC") and give details of the SEC investigation of the defendant related to this case.  He may also testify about his receipt of the email from the defendant dated March 7, 2017.

19. ROGER BOUDREAU:  He may testify that he is a Senior Staff Accountant for the SEC and give details of the SEC investigation of the defendant related to this case.  He may also testify about his receipt of the email from the defendant dated March 7, 2017.

20. JOHN BULGOZDY:  He may testify that he is a Senior Trial Counsel for the SEC and give details of the SEC investigation of the defendant related to this case.  He may also testify about his receipt of the email from the defendant dated March 7, 2017.

21. LYNN DEAN:  She may testify that she is a Trial Attorney for the SEC and give details of the SEC investigation of the defendant related to this case.  He may also testify about his receipt of the email from the defendant dated March 7, 2017.

22. MEGAN MECCA:  This witness worked for SBCC and may testify about the defendant's business activities.  She may also testify as to her communications and dealings with the defendant, victim-investors, and others while acting on the defendant's behalf.

23. NORM MORALES:  This witness worked for SBCC and may testify about the defendant's business activities.  He may also testify as to his communications and dealings with the defendant, victim-investors, and others while acting on the defendant's behalf.

24. DAVID GRUEBELE:  This witness worked for SBCC and may testify about the defendant's business activities.  He may also testify as to his communications and dealings with the defendant, victim-investors, and others while acting on the defendant's behalf.

25. JEFFREY SPIEGEL:  This witness is a Certified Public Accountant and the Principal of Spiegel Accountancy Corp. ("SAC") and may testify about the defendant's business activities, including SAC's audit of the defendant's businesses and investment funds.  He may also testify as to his communications and dealings with the defendant, victim-investors, and others while acting on the defendant's behalf.

26. DENNIS DOSS:  This witness is a licensed California attorney and may testify about the defendant's business activities, including his legal representation of the defendant's business and investment funds.  He may also testify as to this communications with the defendant, victim-investors, and others while acting on the defendant's behalf.

27. THOMAS SEAMAN:  He may testify about his work at the Receiver appointed by the District Court in the matter of SEC v. SBC, et al., CV 12 - , including his analysis of the books and records of the companies, funds, and entities utilized by the defendant during his investment scheme.  He may also testify to communications and dealings with the defendant and/or other

individuals acting on the defendant's behalf.  He may also testify about his receipt of the email from the defendant dated March 7, 2017.

28. DAVID ZARO:  He may testify that he is an attorney with the law firm of Allen Matkins LLP, the law firm for the Receiver, Thomas Seaman.  He may also testify about his receipt of the email from the defendant dated March 7, 2017.

29. FINANCIAL SUMMARY WITNESS :  This witness may testify as an expert about the identification, examination, and analysis of financial data related to the defendant's investment scheme, including but not limited to money tracing related to: (1) how defendant treated funds obtained from various individual investors and banks and; (2) how the monies were utilized in the course of the business, including transfers between and among SBCC and the investment funds; and (3) how much the defendant personally obtained from his operation of SBCC and the investment funds.  Specifically, she may provide financial analysis as to the inflow and outflow of individual investor and bank funds from investor and bank accounts to accounts the defendant and his businesses controlled. She may also testify as to amount of expenses accumulated by the SBCC relative to the investment funds.  She may also testify about the profitability of the funds and the sources of funds used to pay investors returns, pay SBCC expenses, and pay money, directly or indirectly, for the benefit of the defendant.

30. MARY ANN SMITH:  She is an employee of the California Department of Business Oversight ("CDBO"), Enforcement Division and may testify about the filings and submittals made by the defendant's companies and funds with the CDBO.

31. FIRST REPUBLIC BANK WITNESS :  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

32. SOUTH COUNTY BANK WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

33. TORREY PINES BANK WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

34. WELLS FARGO BANK WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

35. BANK OF AMERICA WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

36. BANK OF ALAMEDA WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

37. CALIFORNIA BUSINESS BANK WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

38. HIGH DESERT BANK WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

39. LIGHTHOUSE BANK WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

40. PAN PACIFIC BANK WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

41. MEMBERS 1ST FEDERAL CREDIT UNION WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

42. PENNSYLVANIA STATE EMPLOYEES CREDIT UNION WITNESS:  Absent a stipulation between the parties being entered into evidence, this individual may testify as a custodian of records.

DATED: December 18, 2017                    Respectfully submitted,

                                            BRIAN J. STRETCH
                                            United States Attorney


                                            ____/s/_____
                                            TIMOTHY J. LUCEY
                                            MARISSA HARRIS
                                            Assistant United States Attorneys