DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARISSA HARRIS (DCBN 997421)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    marissa.harris@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 14-00531 LHK |
|---|---|---|
|     Plaintiff, | ) | |
| | ) | GOVERNMENT'S OPPOSITION TO |
| v. | ) | DEFENDANT'S REQUEST FOR EARLY |
| | ) | TERMINATION OF SUPERVISED RELEASE |
| MARK FEATHERS, | ) | |
|     Defendant. | ) | |

On December 20, 2017, the defendant, Mark Feathers, pled guilty to mail fraud in violation of 18 U.S.C. § 1341 pursuant to a binding plea agreement, which included the following jointly recommended sentence:

    1. Not less than 21 nor more than 33 months imprisonment;

    2. Three years of supervised release;

    3. Restitution in an amount to be determined by the court;

    4. $100 Special Assessment Fee.

*See* ECF No. 162 at ¶ 8.

///

On March 7, 2018, the Court accepted the binding plea and sentenced the defendant to 33 months in prison, three years supervised release, $100 special assessment fee, and restitution in accordance with the parties' recommended sentence. *See* ECF No. 170. The defendant did not notice or file any timely appeal of his sentence. On February 22, 2019, the defendant filed the instant *pro se* motion seeking early termination of his three-year supervised release term, pursuant to 18 U.S.C. § 3583(e). He also claimed relief on the basis of the First Step Act, which was signed into law on December 21, 2018.

As an initial matter, the defendant's plea agreement bars his motion outright. In Paragraph 4 of his plea agreement, the defendant waived his right to appeal any aspect of his sentence, which includes the supervised release term imposed. *See United States v. Joyce*, 357 F.3d 921, 923-25 (9th Cir. 2004) (plea agreement's waiver of "any aspect of the sentence" included waiver of right to appeal special conditions of supervised release). In Paragraph 5 of his plea agreement, he agreed not to file any collateral attack of his sentence. In Paragraph 8, he agreed that three years of supervised release was part of a "reasonable and appropriate disposition" of his case. The plea agreement and recommendation were filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and became binding on the Court once the Court accepted the agreement. Thus, in the absence of some defect regarding the plea proceedings (none is apparent) or his knowing and intelligent waiver of rights (none is alleged), the Court should uphold the sentence that the defendant himself negotiated. *See Joyce*, 357 F.3d at 922-23.

Furthermore, the defendant's request for relief under 18 U.S.C. § 3583(e) is premature. The statute provides that the court may, after considering various factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). *See also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Feathers is still incarcerated on his 33-month prison sentence and has not yet completed any period of supervised release. He is therefore statutorily ineligible for early termination of supervised release at this time.

While the government supports the defendant's efforts to obtain employment upon release from prison, it is unaware of any reason why such opportunities could not be pursued during the three-year

GOVERNMENT'S OPPOSITION
CR-14-0531 LHK                    2

1  supervised release term previously imposed.  The fact that the defendant wants the opportunity to travel
2  internationally also does not justify early termination of supervised release, as he is perfectly able to
3  request permission for such travel from his probation officer or the Court at any time during his
4  supervised release term.  *See* ECF No. 170 at 4 (Standard Conditions of Supervision ¶ 3).  The
5  government is also unaware of any extraordinary hardship associated with loan applications for persons
6  on supervised release—or at least hardship more significant than that typically associated with any
7  convicted felon, which he will suffer regardless of the length of his supervised release term.  Thus, the
8  defendant has failed to justify or substantiate his request in light of the substantial benefits to the
9  defendant and the community from his continued correctional treatment and supervision over the
10 original three-year term contemplated in his plea agreement and imposed by the Court.  *See United*
11 *States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (noting that a defendant requesting early
12 termination of supervised release bears the burden of demonstrating that early termination is justified).

13      The defendant also asserts an entitlement to a reduced supervised release term on account of the
14 First Step Act, which was signed into law several months after he was sentenced.  It is unclear how the
15 Act would support any reduction of the defendant's supervised release term at this time.  To the extent
16 that he requests the application of good time credits to lower his anticipated period of supervised release
17 pursuant to the amendments outlined in Section 102(b)(1) of the Act, his request is premature because
18 the amendments do not take effect until the Bureau of Prisons (BOP) develops a risk and needs
19 assessment system to implement the Act's recommendations.  *See* First Step Act of 2018, Pub. L. No.
20 115-391, § 102(b)(2), 132 Stat. 5194, 5213 (2018).  The current deadline for that system is July 19,
21 2019.  *See* 18 U.S.C. § 3632(a).

22      Moreover, BOP has exclusive jurisdiction to determine sentence credits for inmates in the first
23 instance.  "After a district court sentences a federal offender, the Attorney General, through the BOP,
24 has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335
25 (1992).  The district court cannot award sentencing credits.  *See e.g.*, *United States v. Checchini*, 967
26 F.2d 348, 349–50 (9th Cir. 1992).  Instead, an inmate must exhaust his administrative remedies, and
27 only then, if dissatisfied, may he seek the district court's review.  *See id.* at 350.  The defendant provides
28 no evidence in his motion that he has exhausted his administrative remedies regarding the calculation or

GOVERNMENT'S OPPOSITION
CR-14-0531 LHK                         3

application of good time credits by BOP. He is therefore ineligible to seek this Court's review of any alleged denial or withholding of credit.

## **CONCLUSION**

For the foregoing reasons, the government respectfully recommends that this Court deny the defendant's request for early termination of supervised release.

DATED: March 8, 2019

Respectfully Submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
MARISSA HARRIS
Assistant United States Attorney

MORGAN EDWARDS
Law Clerk